IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CAROL ROMAN, | ) | |
| | ) | Civil Action No. |
|    Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| THE HOME DEPOT, INC., | ) | |
| | ) | |
|    Defendant. | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Carol Roman (hereinafter "Plaintiff"), and files this lawsuit against Defendant The Home Depot, Inc. (hereinafter "Defendant"), and shows the following:

## I.  Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated damages, and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA"), during Plaintiff's employment with Defendant.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(a)(4).

4.

Defendant is a Georgia corporation, and the unlawful employment practices described herein occurred at 2455 Paces Ferry Road SE, Atlanta, Georgia, 30339. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. Parties

5.

Plaintiff is a citizen of the United States of America and resident of the State of Georgia.

6.

At all relevant times to this Complaint, Plaintiff was employed by and was an "employee" of Defendant, as defined under 29 U.S.C. § 203(e).

7.

Plaintiff performed non-exempt labor for Defendant within the last three years.

8.

During Plaintiff's employment with Defendant, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

9.

Defendant is a private domestic corporation that is registered in Georgia and is entitled to do business in Georgia. Specifically, Defendant provides home improvement and construction products and services.

10.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d). Defendant is governed by and subject to the FLSA, 29 U.S.C. §§ 204 and 207.

11.

Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of 29 USC § 203(r) and (s).

12.

Defendant's gross revenues exceed $500,000 per year.

13.

Defendant has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

14.

Defendant may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, Brown Jet Center, Inc., 2455 Paces Ferry Road, Atlanta, Georgia 30339.

## IV. <u>Facts</u>

15.

Plaintiff worked for Defendant from May 6, 1996, to June 8, 2012.

16.

On June 6, 2010, Plaintiff was "promoted" to Loss Prevention Process Manager. However, Plaintiff continued to perform the same job duties that she had performed in her previous role as the Safety Specialist, Merchandising.

17.

In the Safety Specialist, Merchandising position, Plaintiff made sure that Defendant's clients complied with Defendant's internal checklist of safety standards. For example, a client would ask Plaintiff whether muriatic acid could be stored outside. Based on Defendant's internal safety checklist, Plaintiff would tell the client whether this was permitted.

18.

Plaintiff did not exercise independent discretion or judgment.

19.

When a client wanted to deviate from Defendant's internal safety checklist, Plaintiff had to obtain approval from the Senior Manager.

20.

Moreover, Plaintiff could not alter or modify the safety standards outlined in Defendant's internal safety checklist. This was the responsibility of the Senior Manager or someone in a position above the Senior Manager.

21.

Plaintiff did not manage or supervise other employees.

22.

During Plaintiff's employment with Defendant, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 for all hours worked over forty (40) hours per workweek.

## V. <u>Violation of the Overtime Wage Requirement of the FLSA</u>

23.

Plaintiff performed non-exempt labor for Defendant within the last three years.

24.

During Plaintiff's employment with Defendant, from May 6, 1996, to June 8, 2012, Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per week and failed to compensate her for all hours worked in excess of forty (40) hours per week at one and one half times her regular rate of pay.

25.

Defendant has violated the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours per workweek.

26.

Defendant's actions, polices and/or practices violate the FLSA's overtime requirement in that Defendant regularly and repeatedly failed to compensate Plaintiff at the required overtime rate.

27.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

28.

Defendant failed to accurately report, record and/or preserve records of all hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to Plaintiff that are sufficient to determine her wages, hours and other conditions and practices of employment, in violation of the FLSA.

29.

Defendant's conduct was willful and in bad faith.

30.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff brings this lawsuit to recover the overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VII. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207,  liquidated damages as provided by 29 U.S.C. §216, court costs, expert witness fees, reasonable attorneys' fees  under 29 U.S.C. §216, pre-judgment interest and all other remedies allowed under the FLSA;

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated; and,

(D)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 6th day of July, 2012.

**BARRETT & FARAHANY, LLP**


s/ Benjamin A. Stark
Benjamin A. Stark
Georgia Bar No. 601867
Benjamin F. Barrett
Georgia Bar No. 039586
Attorneys for Carol Roman

1100 Peachtree Street
Suite 500
Atlanta, Georgia 30309
(404) 214-0120
(404) 214-0125 facsimile